JOSHUA B. BOND, ADMINISTRATOR OF MARY ANN CADE, PLAINTIFF IN ERROR, *v.* JAMES BROWN.

By the Louisiana practice, if neither party claims a trial by jury, the whole case is decided by the court; matters of fact as well as of law.
Where, upon such a trial, no testimony is objected to, and it does not appear that any question of law arose or was decided, and the case is brought to this court by writ of error, the judgment of the court below must be affirmed.
The decision of the court below, upon questions of fact, is as conclusive upon this court as the verdict of a jury would be.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Eastern District of Louisiana.

It was a suit brought by Brown, a citizen of Mississippi, against Bond, as the administrator of Mary Ann Cade, upon a bond with a collateral condition, given by one Witherspoon, for which Mary Ann Cade was responsible.

The petition set out the bond and the breaches. The defendant answered, denying some of the material facts stated in the petition, and alleging other facts, which, if proved, were sufficient to bar a recovery. Neither party claimed a trial by jury; and, according to the Louisiana code of practice, articles 494, 495, the whole case was submitted to the judge.

In February, 1849, the cause came on for trial, and, after argument, the court pronounced the following judgment:

"JAMES BROWN  
      *v.*     } 1596.  
J. B. BOND, Adm'r &c.

"This cause having been argued and submitted to the court,

Bond *v.* Brown.

on a former day, on the pleadings, law, and evidence, and the court having maturely considered the same, and being fully advised in the premises, and satisfied that the plaintiff has fully substantiated the allegations in his petition, it is ordered, adjudged, and decreed, that judgment be rendered in favor of the plaintiff, James Brown, and against the defendant, Joshua B. Bond, administrator of the estate of Mary Ann Cade, widow of Elias M. Witherspoon, for the sum of fourteen thousand dollars, with interest thereon, at the rate of five per centum per annum, from the eleventh day of January, in the year eighteen hundred and thirty-seven, until paid; and costs of suit to be taxed.

"Judgment rendered 13th June, 1849.
"Judgment signed 18th June, 1849.
                    "THEO. H. McCALEB,   [Seal.]
                              *U. S. Judge.*"

The defendant sued out a writ of error, and brought the case up to this court.

It was argued by *Mr. Marr*, for the defendant in error, no counsel appearing for the plaintiff in error.

*Mr. Marr* contended that, according to the pleadings, the judgment of the court was equivalent to a general judgment for the plaintiff. There was no objection in any form to any portion of the testimony offered on the trial, no bill of exceptions taken, no motion for a new trial, no case stated by argument of counsel. It is not the province of this court to determine questions of fact, merely as such, on a writ of error. It must legally presume that the allegations of the petition were proven by sufficient and competent testimony; and the decision of the Circuit Court, to this effect, is as conclusive upon this court as if the facts stated in the petition had been found to be true by the verdict of a jury; 5 How. 289; 7 How. 846; and the authorities cited by Mr. Justice Wayne, 7 How. 865.

Mr. Chief Justice TANEY delivered the opinion of the court.

The record in this case is voluminous; but a very brief statement will show the grounds upon which it is decided in this court.

The suit was brought by the defendant in error in the Circuit Court of the United States for the Eastern District of Louisiana, upon a bond with a collateral condition. The breaches for which he sued are set out in the petition. The plaintiff in error answered, denying some of the material facts stated in the

petition, and alleging other facts, which, if supported by testimony, were sufficient to bar the recovery.

Upon these issues the parties proceeded in the case, and evidence on both sides was offered, which is stated at large in the record. And, as neither party demanded a jury, the fact as well as the law was, according to the Louisiana practice, submitted to the court.

The plaintiff in error has not presented any argument in this court, nor assigned any particular error of which he complains. None of the testimony on either side appears to have been objected to in the Circuit Court. Nor does it appear, from the pleadings, or by exception, or by the opinion of the court, that any question of law arose or was decided in the case. On the contrary, the opinion of the court, inserted in the record, according to the Louisiana practice, states that, being satisfied that the defendant in error had fully substantiated the allegations in his petition, the court proceeded to give judgment in his favor. The language of the opinion, when taken in connection with the pleadings and issues, implies that the case turned upon the comparative weight of the testimony; upon the fact, and not upon the law. And, whether the fact was rightly decided or not, according to the evidence, is not open to inquiry in this court. The decision of the court below, in this respect, is as conclusive as the verdict of a jury when the case is brought here by writ of error. And, as no error in law appears in the record, the judgment of the Circuit Court must be affirmed.

## Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs and damages, at the rate of six per cent. per annum.