[No. 8,681.    Department One.—March 31, 1885.]

ELIAS GOLDSTEIN, RESPONDENT, *v.* MATHEW NUNAN, APPELLANT.

SALE—CHANGE OF POSSESSION—EMPLOYMENT OF VENDOR.—The employment by the vendee of one of the vendors, after a sale of personal property, while tending to show a want of actual and continued change of possession, is not conclusive of the question, but only an element of proof to be weighed by the jury.

EVIDENCE—ERROR NOT PREJUDICIAL.—The erroneous admission of evidence on an immaterial issue is not a prejudicial error justifying a reversal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action of claim and delivery against the defendant, as sheriff, to recover possession of personal property. The evidence showed that prior to and during the year 1878, Jos. Barnett and Charles Goldstein, as partners, carried on the retail clothing business. Becoming insolvent, they effected a compromise with all of their creditors except three. In pursuance of the compromise agreement they turned over their store and stock of goods, including the property in controversy, to the plaintiff. The creditors who refused to accept the compromise subsequently attached the property, claiming that the sale was fraudulent, for the want of an immediate and continued change of possession. The further facts are stated in the opinion of the court.

*G. F. & W. H. Sharp*, for Appellant.

The fact that the vendor was in actual possession of the property after the sale is conclusive evidence of fraud. (*Godchaux* v. *Mulford*, 26 Cal. 316; *Woods* v. *Bugbey*, 29 Cal. 479; *Stevens* v. *Irwin*, 15 Cal. 503; *Rigli* v. *McClure*, 47 Cal. 612; *Weil* v. *Paul*, 22 Cal. 492; *Watson* v. *Rogers*, 53 Cal. 402; *Hodgkins* v. *Hook*, 23 Cal. 583; *Grum* v. *Barney*, 55 Cal. 254; *Lay* v. *Neville*, 25 Cal. 552; *Hesthal* v. *Myles*, 53 Cal. 623; Wait on Fraud. Conv., § 251; Bump on Fraud. Conv., 132.)

*Lloyd & Wood*, and *Naphtaly, Freidenrich & Ackerman*, for Respondent.

The fact that one of the vendors was temporarily in the store did not invalidate the sale. (*Godchaux* v. *Mulford*, 26 Cal. 316; *Hesthal* v. *Myles*, 53 Cal. 623.)

The COURT.—The verdict in favor of the plaintiff includes a finding that the goods subsequently attached by the defendant as sheriff were actually delivered to and continuously remained

in the possession of the plaintiff. It is insisted by appellant that the fact that the vendor Goldstone was, a week after the sale, employed by plaintiff as a clerk, and continued in such employment for about a week, when he was discharged, establishes —as a matter of law—the sale to have been fraudulent. The case shows, and indeed it seems to be admitted by appellant, that the goods were actually delivered to plaintiff, and that he remained in the actual and exclusive possession of them for several days. The employment by the vendee of one of the vendors, after the sale, while it tended to prove that there had been no actual and continued change of possession, was not conclusive of the question, but was only an element of proof to be weighed by the jury. (*Godchaux* v. *Mulford*, 26 Cal. 316.) The evidence, *pro* and *con*, as to an actual delivery and continued change of possession, was submitted to the jury; and as there was a conflict in it, we cannot set aside the verdict on the ground that the facts proved conclusively show no continued change of possession.

As the defense was that there was no continued change of possession, and as the jury were instructed that unless there was an actual delivery, and an actual and continued change of possession of the property, the sale was fraudulent as against creditors, the error in admitting in evidence statements made by Goldstone to attaching creditors prior to the sale (if error it was) could not have injured the defendant, since the real issue, as to an actual delivery, etc., was unaffected by such evidence.

It is contended by appellant that the court below erred in denying defendant's motion to strike out all parol evidence as to the bill of sale. Appellant's counsel does not refer to the page or folio of the transcript at which it appears that the motion was made, and we have been unable to find such motion in the statement on motion for a new trial.

Judgment and order affirmed.