## ROMERO *v.* DESMARAIS.

*(Supreme Court of New Mexico. January, 1889.)*

**1. EVIDENCE—WEIGHT AND SUFFICIENCY.**

Plaintiff, who was one of the sureties on a bond, testified that, for the purpose of satisfying the demands of certain persons having claims against the principal, it was agreed among the sureties to borrow a sum of money; that plaintiff was authorized to borrow such sum; and that the sureties agreed to execute a note to the lender for the amount borrowed. Plaintiff was corroborated by one of the sureties and a boy in his employ. The defendant, who was also a surety, contradicted the plaintiff, and was confirmed by a surety. *Held,* that a finding of the court in favor of the plaintiff would not be disturbed.

**2. NEW TRIAL—SURPRISE.**

A motion for a new trial on the ground that the applicant was surprised by the introduction of certain testimony at the trial, and that such testimony could have been successfully met by a witness who was absent, is properly refused where it appears that the applicant did not make known his surprise when such testimony was offered, and that no continuance was asked for.

**3. SAME—RULINGS ON EVIDENCE.**

Such a motion should not be granted on account of errors in rulings on evidence where it appears that the finding and judgment are right upon the whole case.

**4. INTEREST—RATE.**

In an action on a verbal contract, where a recovery is had by plaintiff, interest should be allowed at the rate of 6 per cent., under Comp. Laws N. M. 1884, § 1734, providing for such a rate of interest in the absence of a written contract fixing a different rate.

Error to district court, San Miguel county; LONG, Judge.

*Catron, Thornton & Clancy,* for plaintiff in error. *Breeden & Vincent,* for ·defendant in error.

BRINKER, J. This was an action of *assumpsit* brought by the defendant in error against the plaintiff in error for money lent and advanced to, paid, laid out, and expended for, the plaintiff in error on an account stated.

The plea was *non assumpsit*. The cause was tried by the court, a jury having been waived by stipulation. The court found the issues for the defendant in error, and rendered judgment in his favor for the amount of his claim, with 7 per cent. interest. There was a motion for a new trial filed, heard, and denied, and the cause comes here by writ of error.

The undisputed facts are that one John Wooten was desirous of securing a contract for the erection of an hotel in Las Vegas; that the company which was about to begin the erection of the hotel required him to give a bond for the faithful performance of his contract, and to keep the lot and building free from liens; that the plaintiff in error and defendant in error and four others signed an agreement that they would become sureties on this bond; that plaintiff in error and defendant in error and two of the other signers of the agreement signed the bond as such sureties, but the other two failed to do so.

The evidence for the defendant in error shows that Wooten was awarded the contract, and commenced work under it; that some time afterwards certain subcontractors threatened to file liens upon the property; that thereupon the plaintiff in error and the defendant in error, the contractor Wooten, and two others who had signed the bond, held one or more meetings in which they discussed the threatened action of the subcontractors, and their liability on the bond, and finally agreed that, in order to avoid litigation, the sureties would raise the amount of money necessary to pay the subcontractors, and thus avoid the filing of liens; that the other sureties authorized the defendant in error to borrow the necessary amount of money from the bank for that purpose, and promised that they would all sign a note to the bank for it; that defendant in error did borrow the money from the bank, and left it in the hands of the president of the bank, who was also treasurer of the hotel company, with the understanding that he should use it to pay the claims of the subcontractors. The testimony tends to show that the money was applied as directed, although the evidence is not entirely satisfactory upon this point; that defendant in error then endeavored to get the plaintiff in error and the other sureties on the bond, who had authorized the borrowing of the money, to sign the note to the bank, but failed; that defendant in error afterwards repaid the whole amount to the bank with 7 per cent. interest. The testimony introduced by the plaintiff in error, except as to meetings having been held, was, in effect, exactly the reverse of the testimony for the defendant in error. For the defendant in error the witnesses to the alleged agreement were himself, a boy in his employ, and another one of the signers of the bond; for the plaintiff in error on this point were the plaintiff in error and another signer of the bond. The court heard and considered the evidence of these witnesses, and found the issue for the defendant in error.

The plaintiff in error has assigned 23 errors as having been committed on the trial. In the view we take of this case it will not be necessary to consider these errors separately.

There was a direct conflict in the evidence. The evidence for the defendant in error, if believed, was sufficient to sustain the finding. The court, sitting as a jury, was the sole judge of the weight of the evidence and of the credibility of the witnesses, and its finding from the evidence is not reviewable here. *Zahn* v. *Stover,* 2 N. M. 29; *Crolot* v. *Maloy,* Id. 198; *Bond* v. *Brown,* 12 How. 254; *Vasquez* v. *Spiegelberg,* 1 N. M. 464; *City of Richmond* v. *Smith,* 15 Wall. 429. Nor can such findings be examined in this court, even if against the preponderance of the evidence. *Waldo* v. *Beckwith,* 1 N. M. 97; *Archibeque* v. *Miera,* Id. 160; *Ruhe* v. *Abren,* Id. 247.

Plaintiff in error says that he was surprised at the testimony given for the defendant in error concerning the alleged agreement to borrow the money, and

that if he had known what that testimony would have been he could have proved by the contractor Wooten, who was absent at the time of the trial, but who was present at the meeting in which the witnesses for defendant in error say the agreement was made, that no such agreement was made, and no such authority given, as testified to by those witnesses.

There was no effort made before the trial to secure the attendance or testimony of this witness at the trial, nor any excuse offered for failing to do so, nor was there any application for a continuance of the cause on account of his absent witness. The plaintiff in error evinced no surprise at the time the testimony now complained of was given, nor did he ask for any delay on that account. In fact the record fails to show any request for delay whatever. Under those circumstances the motion for a new trial on that ground was properly denied.

The rule is almost without exception that a new trial will not be granted upon the ground of surprise unless it is made known at the time of the occurrence claimed to operate as a surprise, and delay be demanded for that reason. If a party who is surprised at the trial allows it to proceed without making his surprise known, and applying for delay upon that ground, and the finding be against him, he cannot have a new trial by reason of such surprise. *Vasquez* v. *Spiegelberg, supra*, per PALEN, C. J.; Hil. New Trials, 99; *Delmas* v. *Martin*, 39 Cal. 555. In the last case cited, the motion was granted under the peculiar circumstances of that case, but the court recognized the general rule as stated above.

Complaint is made that the court erred in its rulings upon the admission and rejection of evidence. A careful examination of the record in this particular fails to show that the plaintiff in error was in any manner prejudiced by these rulings. In such case, if error has intervened in the course of the trial, the motion should not be granted if the finding and judgment are right upon the whole case. *North Noonday Co.* v. *Orient Min. Co.*, 6 Sawy. 503, 11 Fed. Rep. 125; *Rodey* v. *Insurance Co.*, 9 Pac. Rep. 348;[1] *Goldstein* v. *Nunan*, 6 Pac. Rep. 451.

The court computed interest against the plaintiff in error at the rate of 7 per cent. per annum. This was erroneous. The rate of interest, in the absence of a written contract fixing a different rate, is 6 per cent. per annum on money due by contract. Section 1734, Comp. Laws 1884. The contract found to have been made in this case was not a written one, and the rate of interest should have been calculated at 6 per cent. per annum from the time the contract was made. For this error the judgment will be reversed, and the cause remanded, unless the defendant in error shall, within 10 days, remit the excess of interest. If such *remittitur* is entered the judgment will be affirmed, but the costs of the appeal must be taxed against the defendant in error; and it is so ordered.

REEVES and HENDERSON, JJ., concur.

