[No. 39. Second Appellate District.—July 1, 1905.]

A. LEVIS, and GEORGE NUNNEMAKER, Respondents, v.
ROYAL PACKING AND DRYING COMPANY, Appellant.

Sales—Unwarranted Refusal to Accept—Tender.—Under a written
contract for the sale and purchase of five carloads of prunes, to
be paid for on delivery, the unwarranted refusal of the purchaser
to accept the remainder after receiving the first carload, and the
non-acceptance of a written offer to' deliver the remainder within
the time agreed, was equivalent to an actual production and tender
of the property by the vendor.

Id.—Action for Breach—Loss on Resale—Measure of Damages—
Decrease in Market Value.—In an action for breach of the
contract to buy the remainder of the prunes, where it appears that
after the rejection and refusal to accept them, and during the
time for delivery, the price declined, and plaintiff promptly resold
the prunes, boxed as originally directed by defendant, to other
purchasers, at the identical market where delivery was required,
such resale was in the line of the plaintiff's duty under section
3311 of the Civil Code, and the measure of damages is the de-
crease in the market value so ascertained.

Id.—Unambiguous Contract—Explanatory Testimony.—The con-
tract being unambiguous, there was no error in rejecting testimony
explanatory thereof.

APPEAL from a judgment of the Superior Court of
Tulare County and from an order denying a new trial.  M.
L. Short, Judge.

The facts are stated in the opinion of the court.

Will M. Beggs, and G. G. Murry, for Appellant.

Charles G. Lamberson, for Respondents.

ALLEN, J.—Action for damages alleged to have been sus-
tained by plaintiffs from violation of a contract of defendant
to buy and pay for certain personal property.  Findings and
judgment went for plaintiffs.  Defendant appeals from the
judgment and order denying a new trial.

The record discloses that on August 27, 1901, defendant
entered into a written contract to buy of plaintiffs five car-
loads of prunes of certain sizes designated, to be delivered in

I Cal. App.—16

the first half of October, f. o. b. at Visalia, packed in sacks or boxes, to be paid for on receipt of bill of lading.    Subsequently the time for delivery was extended during the month of October.    Again, upon defendant's request, time of delivery was extended to November 15th.    During October one car was shipped to defendant and paid for.    On November 1st defendant notified plaintiffs that the remaining cars would not be accepted, for the reason that the prunes were not up to the count, were improperly cured, and were cracked.    This rejection was based upon an examination by a proposed buyer, who, in company with the defendant's agent, visited plaintiffs' warehouse the latter part of October and made an examination of certain prunes then in the bins of said warehouse. Afterwards, on November 3d, plaintiffs notified defendant, in writing, that the goods were on hand ready for delivery under the contract, and that no extension of time beyond the 15th of November could be granted.    To this defendant never made reply, and never received or ordered the goods as per previous arrangement.

The court finds, and there is testimony in its support, that defendant's refusal to accept the prunes was not justified by the facts, and was therefore unwarranted.    The market having declined between the date of the contract and November 15th, plaintiffs were compelled to sell the property in the market where originally sold, at a loss, for the amount of which judgment was rendered.

The contention that no authority was given the writer of the letter of October 18th to ask on behalf of defendant an extension of time for delivery to November 15th is not borne out by the record.    In addition, there was other testimony establishing such extension of time.    The letter of plaintiffs to defendant, properly admitted in evidence, was sufficient as an offer in writing to deliver the property sold within the time agreed upon.    The refusal on defendant's part to accept the offer is equivalent to actual production and tender of the property.    (Code Civ. Proc., sec. 2074.)    There was testimony tending to show that after the rejection and refusal to accept, and within the month of November, plaintiffs resold the prunes, boxed as originally directed by defendant, to other purchasers, such sale being at the identical market where the original contract required delivery and at the mar-

ket value, which was in line with the duty devolving upon
plaintiffs by section 3311 of the Civil Code. The amount of
the judgment is based upon the decrease in such market value,
the same being the proper measure of damages.

There was no prejudicial error in admitting copies of the
correspondence or in the refusal of the court to strike out the
same. The matters therein were not material.

The contract was unambiguous, and there was no error in
rejecting testimony explanatory thereof.

There are more than a hundred other exceptions appearing
in the statement, but an examination of them satisfies us that
they possess no merit.

Judgment and order affirmed.

Gray, P. J., and Smith, J., concurred.