[Civ. No. 653.   Second Appellate District.—November 2, 1909.]

## JOSEPH BUCHER, Appellant, v. W. D. F. ALLEN, Respondent.

STATUTE OF FRAUDS—SALE OF PERSONAL PROPERTY—DELIVERY AND CONTINUED CHANGE OF POSSESSION—QUESTION OF FACT.—The question whether or not a sale of personal property was followed by an immediate delivery and an actual and continued change of possession, as required by section 3440 of the Civil Code, so as to protect the same against the creditors of the vendor, is a question of fact to be determined by the trial court.

ID.—ATTACHMENT BY CREDITORS—CLAIM AND DELIVERY—SUPPORT OF FINDING—CONFLICTING EVIDENCE.—Where the creditors of the vendor levied an attachment against the personal property sold, which was taken possession of by a constable, against whom the purchaser brought an action of claim and delivery, and notwithstanding conflicting evidence in such action, there was some evidence tending to show a continued possession by an agent of the vendor when the attachment was levied, it cannot be held upon appeal that a finding in such action against the purchaser and in favor of the constable that the sale was not accompanied by an immediate delivery and actual and continued change of possession was without support in the evidence.

APPEAL from a judgment of the Superior Court of San Bernardino County.   Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

C. C. Haskell, and F. A. Leonard, for Appellant.

Byron Waters, for Respondent.

ALLEN, P. J.—Appeal by plaintiff upon bill of exceptions from judgment rendered against him and in favor of defendant.

The case is this: On December 24, 1906, one Hicks and wife owned certain real property in the city of San Bernardino, California, upon which was a house used as a lodging-house. Hicks and wife sold the real property and the furniture and fixtures of the lodging-house to plaintiff, who paid the full consideration therefor.   The lodging-house had been operated before the sale by the wife of Hicks, who was indebted to

parties in San Bernardino. These creditors instituted a suit against Mrs. Hicks, and, on December 27, 1906, levied an attachment upon the lodging-house, furniture and fixtures. This writ was executed by defendant, a constable, and the personal property on that date reduced to possession by him. In order to recover possession from defendant this action in claim and delivery was brought by plaintiff. The right of possession to the personal property hinges upon the validity of its sale as affecting creditors of Mrs. Hicks. The court finds that such sale was not accompanied by immediate delivery and followed by actual and continuous possession, as required by section 3440, Civil Code. This finding appellant attacks as having no support in the evidence.

An examination of the record discloses that plaintiff testified that he took possession of the personal property through one Von Boven, as his agent, on the 24th of December, while Mrs. Hicks testified: "I offered the keys on the 24th to Mr. Bucher, and he asked me to look after the house for him in his interest until I went out on the 29th; and on the 26th I was called to Los Angeles on business, and I handed the keys to Charles Von Boven in the presence of Mr. Waldon, and told him to take care of these rooms and take care of the house for Mr. Bucher. . . . I delivered the keys to Mr. Von Boven for the reason that Mr. Bucher told me that Von Boven was in his employ, and that I should deliver the keys to him if I went away from the house." Von Boven testified that when he was handed the keys by Mrs. Hicks she said to him, "I may be back to-morrow." The evidence as to the change of possession was conflicting. It was a question of fact for the trial court to determine. We cannot say that there is no evidence in support of the finding of the court. Our supreme court in *Goldstein* v. *Nunan,* 66 Cal. 544, [6 Pac. 451], has said that the employment by the vendee of one of the vendors after the sale tended to prove that there had been no actual change of possession. There was, then, evidence introduced which tended to show that the vendor continued in possession and the requirements of the section of the code above referred to were unsatisfied. Without reference to other testimony, which was to the effect that Von Boven disclaimed any agency on behalf of plaintiff and insisted that he was acting, while in charge of the property, for Mrs. Hicks, we think it cannot be said that the conclusion of the trial court is man-

ifestly without sufficient support in the evidence. The judgment being thus supported by sufficient findings, we are relieved from the necessity of considering other questions presented in the record which relate to the construction which should be given to that portion of section 3440 requiring public recordation of intended sales in certain instances.

Judgment affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 30, 1909.