[Civ. No. 1543. First Appellate District.—September 21, 1915.]

P. H. CHEDA et al., Respondents, v. HENRY KOCKOS et al., Appellants.

CONTRACTS—AGREEMENT TO PURCHASE EGGS—REFUSAL OF BUYER TO ACCEPT—RESALE BY SELLER—REASONABLE TIME.—Where a contract for the sale and purchase of eggs provided that deliveries were to be made as the purchasers designated, but that all eggs should be withdrawn within two months from date, and that the seller had the privilege to sell at current prices established by a designated ex-

change for the account of the purchasers any portion of the eggs not withdrawn within the time specified, and any difference in price to be charged against the purchaser, time being made the essence of the contract, a resale by the seller of an unaccepted balance of the eggs, commenced within six days after the expiration of the term of the contract and completed two weeks later, was within a reasonable time after the breach of contract.

ID.—TIME OF RESALE—WHAT CONSTITUTES.—The right of resale may be exercised within a reasonable time after default by the buyer, and if the delay is not unreasonable, it is not necessary for the resale to be made immediately after the default, although the price of the eggs may be on a steady decline.

ID.—BREACH OF CONTRACT—ACT OF PURCHASER.—A breach of contract, obligating the sellers at once to sell the balance of the eggs, could not be created by the purchasers writing the sellers three days prior to the termination of the contract of their refusal to accept or withdraw any more of the eggs.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

William Tomsky, for Appellants.

Maurice Asher, for Respondents.

THE COURT.—This appeal is from a judgment in favor of plaintiffs and from an order denying defendants' motion for a new trial, in an action for damages for the breach of a contract for the sale and purchase of personal property.

The action is based upon a written contract, according to the terms of which the plaintiffs agreed to sell and the defendants agreed to purchase a certain number of cases of cold storage eggs at a fixed price. Deliveries of the eggs were to be made by the plaintiffs in such quantities as the defendants designated. The contract also provided "that all of these eggs must be drawn by the party of the second part (the defendants) within two months from date, and that the party of the first part (the plaintiffs) has the privilege to sell at current prices as established by the San Francisco Dairy Produce Exchange, for the account of the party of the second part, any portion of above described merchandise not drawn

within the time specified in this agreement, any difference in price to be a charge against the party of the second part.'' Time was of the essence of the contract.

Within the time prescribed in said agreement the defendants took delivery of a portion of the eggs, but refused to accept the balance thereof, claiming that the greater portion of those delivered were unmerchantable and wholly unfit for human consumption. Within six days after the expiration of the term of the contract the plaintiffs proceeded to re-sell the balance of the eggs, but did not succeed in disposing of them all until two weeks later.

The defendants do not claim that the evidence does not support the verdict of the jury that the eggs were sound and wholesome and fit for consumption, but their claim is that the eggs were not resold, as they should have been, within a reasonable time after the alleged breach of the contract.

As to this contention, it must be held that the evidence sustains the theory that the plaintiffs, under all the attending circumstances, proceeded with all reasonable diligence to dispose of the eggs of which the defendants had not taken delivery. At the end of the two months period designated by the contract for the acceptance of the merchandise, the market for eggs was in a demoralized condition, and at no time between the occurring of the breach of the contract and the time when the eggs were finally resold would they have brought a higher price than that obtained. It thus appears that the plaintiffs have done all that the contract required concerning the resale of the property. In Tiedeman on Sales, section 334, the author states that ''The right of resale may be exercised within a reasonable time after default by the buyer, and if the delay is not unreasonable it would not be necessary for the resale to be made immediately after the default, although the price of the goods may be on a steady decline.'' (See, also, Benjamin on Sales, 7th ed., p. 826; *Levis* v. *Royal Packing etc. Co.*, 1 Cal. App. 242, [81 Pac. 1086] ; *Frisbie* v. *Rosenberg Bros. & Co.*, 11 Cal. App. 638, [105 Pac. 942].) Three days prior to the termination of the contract the defendants by letter refused to accept or withdraw any more of the eggs, and they appear to claim that a breach of the contract occurred immediately upon the receipt of the letter, obligating the plaintiffs to at once sell the balance of the eggs. The authorities are to the effect that a

breach of a contract upon which the seller is bound to act cannot be thus created (*Kadish* v. *Young,* 108 Ill. 171, 176, [43 Am. Rep. 548]) ; but assuming the breach of the contract to have occurred upon the receipt of the letter in question, still the evidence sustains the theory that the resale was made with reasonable diligence.

The judgment and order are affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on October 21, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 18, 1915.