## THE CHIQUITA.
### No. 6225.

Circuit Court of Appeals, Ninth Circuit.
Oct. 27, 1930.

Samuel W. McNabb, U. S. Atty., and Ignatius F. Parker and Louis J. Somers, Asst. U. S. Attys., all of Los Angeles, Cal.

Ames Peterson, of Los Angeles, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

RUDKIN, Circuit Judge.

This was a proceeding by libel to forfeit the American yacht Chiquita, the libel alleging that she was registered as a pleasure yacht and engaged in trade other than that for which she was licensed, in violation of section 4377 of the Revised Statutes (46 USCA § 325). When the issues were made up, the case was referred to a United States commissioner as special master to hear the evidence and make findings and recommendations for judgment. Upon the hearing, the special master found that the charges contained in the libel were not sustained by the evidence, and recommended a decree of dismissal. Upon exceptions, the report of the special master was confirmed and approved by the court, and a decree was entered accordingly. From this decree the government has appealed.

The testimony in the case was indefinite and inconclusive rather than conflicting. Members of the crew of one of the Coast Guard boats testified that they first sighted the yacht at a distance of about three miles and gave chase; that the yacht changed her course and headed toward shore; that they fired warning shots across her bow, using tracer ammunition; that, while engaged in the chase, they were flying the Coast Guard flag and sounding their horn or siren, that as soon as they commenced firing the yacht zig- zagged on her course; that when they had approached within about a mile and a half of the yacht they observed, through binoculars, that two or three members of the crew were engaged in throwing overboard some objects resembling burlap bags, and that when they came alongside the yacht, after a chase of about twelve miles, they saw the crew throw overboard four or five sacks, which were about two feet long and nine inches thick. One member of the crew further testified that upon boarding the yacht no liquor was found, but there was an odor of liquor in the cabin. On the other hand, the master of the yacht testified that he was employed by her owner to look after her; that on the day she was seized he and the two members of the crew were on a fishing trip; that they robbed some lobster traps off Catalina Island and placed the lobsters on board, in sacks, numbering about half a dozen in all; that he was asleep on the homeward trip and did not awaken until the Coast Guard boat drew alongside and one of its crew came aboard; that no liquor was on the boat; and that it had never been used for the purpose of transporting liquor. Another member of the crew testified that he was at the wheel of the yacht, heading shoreward to get into smoother water; that he was not pursuing a zigzag course; that a fellow member of the crew informed him that they were being fired upon, but the witness himself heard no shots and saw no tracer bullets; and that he turned the wheel over to his companion and proceeded to throw the sacks of lobsters overboard, because it was out of season. The testimony of this witness was corroborated by the remaining member of the crew, and the testimony of both witnesses was in accord with that of the master.

In cases such as this the rule is well settled that the findings of a special master, approved by the trial court, will not be set aside or reversed on appeal except for manifest error in the consideration given to the evidence, or in the application of the law. Davis v. Schwartz, 155 U. S. 631, 15 S. Ct. 237, 39 L. Ed. 289. The testimony on the part of the government gives rise to little more than a suspicion at best. It seems quite manifest to us that the yacht was transporting contraband of some kind, but, whether stolen lobsters taken out of season, intoxicating liquor, or something else, we do not know. There was no evidence that the sacks contained intoxicating liquor, and the fact is somewhat significant that the yacht and crew were released by the Coast Guard shortly

after her seizure and no attempt has since been made either to forfeit the yacht or prosecute the crew for transporting intoxicating liquor in violation of the National Prohibition Act (27 USCA). The findings of the special master were therefore not out of harmony with the testimony presented to him. In reaching this conclusion, we have assumed that there was probable cause for the seizure and that the burden of proof rested upon the appellee. But it is contended that the yacht was subject to forfeiture on the showing made by the appellee. With this contention we are unable to agree. It would certainly be giving a liberal construction to a forfeiture statute to hold that carrying a few lobsters on a pleasure yacht, for the use of the crew, on a single occasion, without hire, constitutes engaging in trade within the meaning of the statute. The Pilot (D. C.) 36 F.(2d) 250, and cases cited.

Decree affirmed.