[Civ. No. 7880. Second Appellate District, Division Two.—June 2, 1933.]

FRED HOFFMAN, Appellant, v. J. F. HAASIS et al., Respondents.

Denio, Hart, Taubman & Simpson for Appellant.

Henry D. Lawrence and Frank C. Weller for Respondents.

CRAIG, J.—In a suit praying return to the plaintiff of certain store fixtures, goods, wares and merchandise, or a judgment for moneys alleged to be due, after trial without a jury judgment was rendered in favor of the defendants, from which the plaintiff appealed.

The respondents Fulton Brothers entered into possession of premises of the plaintiff under the terms and provisions

of a lease in writing by which it was agreed that they would "not let, sublet, sub-lease or assign this lease or the premises hereunder mentioned in whole or in part, or transfer, assign or sell the business, or assign or sell the stock of goods comprising the same; . . . no furniture, shelving, tools, equipment or fixtures placed by the lessee in or upon the premises shall be removed from said premises during the term of this lease and not until rents and charges have been paid, and that said furniture, shelving, books and equipment and fixtures are hereby pledged by lessee to lessor as security, and shall belong to lessor until all rents and charges provided for in this lease shall have been paid and shall be subject to issue by lessor with or without legal process and lessor may sell the same and apply the proceeds thereof to discharge any rents or charges that may be due and unpaid". Rents became due, the lessor obtained a judgment against the lessees, and the latter assigned to the respondent Haasis for the benefit of creditors all of their property of every kind and nature. Execution was levied by the respondent on all moneys, goods, wares and merchandise of Fulton Brothers in the hands or under the control of Haasis, to which he made return that he had nothing.    It is contended in the present action that the judgment debtor's assignment without the appellant's consent was void because not in accordance with the provisions of section 3459 of the Civil Code. Said section provides that an assignment for the benefit of creditors is void against every creditor not assenting thereto, unless acknowledged or proved and certified, etc., as required by other sections of the same code. Notice was recorded on February 20th, and the property remained in the storeroom until March 11th, whereas said assignment was executed previously thereto and on the thirteenth day of February. By section 3440 of the Civil Code the legislature ordained that every transfer of such property is conclusively presumed to be fraudulent and void against the creditors of the assignor while he remains in possession and unless accompanied by immediate change of possession; "Provided, also, that the sale, transfer, or assignment of a stock in trade, in bulk, . . . and the sale, transfer, assignment or mortgage of the fixtures . . . will be conclusively presumed to be fraudulent and void as against the existing creditors of the vendor . . . unless at

least seven days before the consummation of such sale, transfer, assignment or mortgage, the vendor, transferor, assignor or mortgagor . . . shall record . . . a notice of said intended sale, transfer, assignment or mortgage'', etc. By said notice of February 20th it was proclaimed that Haasis intended to purchase and said sale and transfer would take place and be consummated on the twenty-eighth day of February. According to the evidence removal of the property did not occur for some time thereafter, yet the appellant's levy was withheld for a period of more than two weeks after such removal. Whether or not there was such a change of possession pursuant to the requirements of the statute, including said notice, as to afford the appellant sufficient protection until consummation of such sale, was a question of fact for determination by the trial court. (*Elsom* v. *Moore,* 11 Cal. App. 377 [105 Pac. 271]; *Bucher* v. *Allen,* 11 Cal. App. 650 [105 Pac. 942].) ▉ The trial court found that the plaintiff's allegations that said property was assigned with intention to defraud him were untrue, that it was not true that the defendants sold the same illegally, and that said assignment and transfer were valid. It appeared further that the assignee entered into possession prior to removal of the property from the premises of the assignor, which may have been the determining factor. The facts adduced fail to bring the case within the purview of the rule announced in *Jarvis* v. *Webber,* 196 Cal. 86 [236 Pac. 138], wherein neither a general assignment nor attempted compliance with said code sections was made to appear. From the case presented we conclude that legally the findings of fact are sufficiently supported by the evidence. A similar case is *Hassell* v. *Bunge,* 167 Cal. 365 [139 Pac. 800].

The judgment is affirmed.

Works, P. J., and Stephens, J., concurred.