[No. 285.   January 17, 1889.]

## BENIGNO ROMERO, DEFENDANT IN ERROR, v. FREDERICK DESMARAIS, PLAINTIFF IN ERROR.

CONTRACT—ASSUMPSIT FOR MONEY LENT—EVIDENCE, WEIGHT AND SUFFICIENCY OF.—In an action of assumpsit on a contract for money lent and advanced, tried by the court, sitting as a jury, the court is the sole judge of the weight of the evidence and the credibility of the witnesses; and when there is a direct conflict of evidence its finding will not be disturbed.

ID.—NEW TRIAL—SURPRISE—ERRORS IN RULINGS NOT PREJUDICIAL—EVIDENCE.—A new trial will not be granted on the ground of surprise, unless the occurrence claimed as a surprise be made known at the time, and a continuance demanded on that ground.  Nor will a new trial be granted for errors of the court in its rulings upon the admission or rejection of evidence, where such rulings are not prejudicial to the applicant, and the finding and judgment of the court is right upon the whole case.

ID.—VERBAL CONTRACT—INTEREST—LEGAL RATE.—Under section 1734, Compiled Laws, 1884, the rate of interest, in the absence of a written contract fixing a different rate, is six per cent per annum on money due by contract; and it is error, in such case, to allow a greater rate, for which a reversal will be granted, unless the appellee or defendant in error shall remit the excess, within such time as the court may order.

ERROR, from a judgment in favor of plaintiff, to the First Judicial District Court, San Miguel County. Judgment reversed, unless the defendant in error shall, within ten days, remit the excess of interest, adjudged to have been erroneously allowed by the court below.

The facts are stated in the opinion of the court.

CATRON, THORNTON & CLANCY for plaintiff in error.

There was error in admitting in evidence the bond, purporting on its face to be executed by certain parties, when it was in fact signed by five of them only, and

two of those signing it having signed it on condition that all seven would sign it. Dair v. U. S., 16 Wall. 6.

The defendant in error could not recover any greater sum than he proved had been paid out on account of plaintiff in error; and in order to establish that he had paid anything on that account, it was necessary for him to prove to whom it was paid; that the claim so paid was an amount due to the person to whom paid, and for which the plaintiff in error was in some way liable; and such facts must be definite and certain. Merrit v. Seaman, 6 N. Y. 168; Morrison v. Berkley, 7 Serg. & Rawle (Pa.) 246, margin.

Before defendant in error could recover, it was necessary for him to prove a promise, either express or implied, to reimburse him an aliquot part of the amount he may have paid out. Beach v. Vandenburgh, 10 Johns. (N. Y.) 360; Bancroft v. Abbott, 3 Allen (Mass.), 524.

Before the defendant in error can recover, he must prove an actual payment, and such payment must be strictly within his authority to pay, and must be to the use or benefit of the plaintiff in error, or in accordance with his instructions and directions, expressed or implied.   2 Greenleaf, sec. 113.

Before the defendant in error could maintain his action there should have been a demand on plaintiff in error to pay the same, with notice to plaintiff in error as to what particular amount and what particular claims defendant in error may have paid.   Carpenter v. Kelley, 9 Ohio, 106; Sikes v. Ruick, 7 Jones (N. C.), 19.

As far as the record shows, any payment made by the defendant in error was a mere voluntary payment, for which the plaintiff in error could not be held liable, nor for which could Wooton, the hotel contractor, be held liable.   Edge v. Kountz, 3 Pa. St. 109.

BREEDEN & VINCENT for defendant in error.

BRINKER, J.—This was an action of assumpsit brought by the defendant in error against the plaintiff in error for money lent and advanced to, paid, laid out, and expended for, the plaintiff in error on an account stated.

The plea was non assumpsit. The cause was tried by the court, a jury having been waived by stipulation. The court found the issues for the defendant in error, and rendered judgment in his favor for the amount of his claim, with seven per cent interest. There was a motion for a new trial filed, heard, and denied, and the cause comes here by writ of error.

The undisputed facts are that one John Wooton was desirous of securing a contract for the erection of an hotel in Las Vegas; that the company which was about to begin the erection of the hotel required him to give a bond for the faithful performance of his contract, and to keep the lot and building free from liens; that the plaintiff in error and defendant in error and four others signed an agreement that they would become securities on this bond; that plaintiff in error and defendant in error and two of the other signers of the agreement signed the bond as such sureties, but the other two failed to do so.

The evidence for the defendant in error shows that Wooton was awarded the contract, and commenced work under it; that some time afterward certain subcontractors threatened to file liens upon the property; that thereupon the plaintiff in error, and the defendant in error, the contractor Wooton, and two others who had signed the bond, held one or more meetings in which they discussed the threatened action of the subcontractors, and their liability on the bond, and finally agreed that, in order to avoid litigation, the sureties would raise the amount of money necessary to pay the subcontractors, and thus

avoid the filing of liens; that the other sureties authorized the defendant in error to borrow the necessary amount of money from the bank for that purpose, and promised that they would all sign a note to the bank for it; that defendant in error did borrow the money from the bank and left it in the hands of the president of the bank, who was also treasurer of the hotel company, with the understanding that he should use it to pay the claims of the subcontractors. The testimony tends to show that the money was applied as directed, although the evidence is not entirely satisfactory upon this point; that defendant in error then endeavored to get the plaintiff in error and the other sureties on the bond, who had authorized the borrowing of the money, to sign the note to the bank, but failed; that defendant in error afterward repaid the whole amount to the bank with seven per cent interest. The testimony introduced by the plaintiff in error, except as to meetings having been held, was, in effect, exactly the reverse of the testimony for the defendant in error. For the defendant in error the witnesses to the alleged agreement were himself, a boy in his employ, and another one of the signers of the bond; for the plaintiff in error on this point were the plaintiff in error and another signer of the bond. The court heard and considered the evidence of these witnesses, and found the issues for the defendant in error.

The plaintiff in error has assigned twenty-three errors as having been committed on the trial. In the view we take of this case it will not be necessary to consider these errors separately.

There was a direct conflict in the evidence. The evidence for the defendant in error, if believed, was sufficient to sustain the finding. The court, sitting as a jury, was the sole judge of the weight of the evidence and of the credibility of the witnesses, and its find-

EVIDENCE, weight and sufficiency of.

ing from the evidence is not reviewable here. Zahn v. Stover, 2 N. M. 29; Crolot v. Maloy, Id. 198; Bond v. Brown, 12 How. 254; Vasquez v. Spiegelberg, 1 N. M. 464; City of Richmond v. Smith, 15 Wall. 429. Nor can such findings be examined in this court, even if against the preponderance of the evidence. Waldo v. Beckwith, 1 N. M. 97; Archibeque v. Miera, Id. 160; Ruhe v. Abren, Id. 247.

Plaintiff in error says that he was surprised at the testimony given for the defendant in error concerning the alleged agreement to borrow the money, and that if he had known what that testimony would have been he could have proved by the contractor, Wooton, who was absent at the time of the trial, but who was present at the meeting in which the witnesses for defendant in error say the agreement was made, that no such agreement was made, and no such authority given, as testified to by those witnesses.

There was no effort made before the trial to secure the attendance or testimony of this witness at the trial, nor any excuse offered for failing to do so, nor was there any application for a continuance of the cause on account of his absence. The plaintiff in error evinced no surprise at the time the testimony now complained of was given, nor did he ask for any delay on that account. In fact the record fails to show any request for delay whatever. Under such circumstances the motion for a new trial on that ground was properly denied.

New trial: surprise.

The rule is almost without exception that a new trial will not be granted upon the ground of surprise, unless such surprise is made known at the time of the occurrence claimed to operate as a surprise, and delay be demanded for that reason. If a party who is surprised at the trial allows it to proceed without making his surprise known, and applying for delay upon that ground, and the finding be against him, he can not

have a new trial by reason of such surprise. Vasquez v. Spiegelberg, supra, per PALEN, C. J.; Hill, New Trials, 99; Delmas v. Martin, 39 Cal. 555. In the last case cited, the motion was granted under the peculiar circumstances of that case, but the court recognized the general rule as stated above.

Complaint is made that the court erred in its rulings upon the admission and rejection of evidence.

ERROR in rulings not prejudicial, no ground for new trial. A careful examination of the record in this particular fails to show that the plaintiff in error was in any manner prejudiced by these rulings. In such case, if error has intervened in the course of the trial, the motion should not be granted if the finding and judgment is right upon the whole case. North Noonday Co. v. Orient Min. Co., 6 Sawy. 503; Rodey v. Insurance Co., decided by this court at January term, 1886; Goldstein v. Nunan, 6 W. C. Rep. 132.

The court computed interest against the plaintiff in error at the rate of seven per cent per annum. This INTEREST: legal rate. was erroneous. The rate of interest, in the absence of a written contract fixing a different rate, is six per cent per annum on money due by contract. Section 1734, Comp. Laws, 1884. The contract found to have been made in this case was not a written one, and the rate of interest should have been calculated at six per cent per annum from the time the contract was made. For this error the judgment will be reversed, and the cause remanded, unless the defendant in error shall, within ten days, remit the excess of interest. If such remittitur is entered the judgment will be affirmed, but the costs of the appeal must be taxed against the defendant in error; and it is so ordered.

REEVES and HENDERSON, JJ., concur.