## McDONALD v. CITY ELECTRIC RAILWAY CO.

1. TRIAL—CONDUCT OF COUNSEL—EXAMINATION OF WITNESSES—HARMLESS ERROR.

   Where, in a personal injury case, plaintiff's counsel persisted in asking about the number and ages of plaintiff's children, notwithstanding a ruling that such testimony was inadmissible, the judgment will not be reversed, the testimony showing that all but one were large children or adults. ·

2. EVIDENCE — SECOND TRIAL — FAILURE TO CALL WITNESS — REBUTTAL OF PRESUMPTION.

   Testimony explaining the failure to call a witness at a former trial of the case is admissible.

3. SAME—EXPERT EVIDENCE—IMPAIRMENT OF USE OF FEET.

   A physician may state to what extent in his opinion the injury

to plaintiff's feet complained of has reduced his physical ability to perform manual labor.

4. SAME—CONCLUSION OF WITNESS.

Plaintiff, suing for an injury to his foot, may state that he cannot use it; that he follows the statement by a full description of the injury, showing conclusively that he can use the foot, affects only the credibility and not the admissibility of his conclusion.

Error to St. Clair; Tappan, J. Submitted May 1, 1906. (Docket No. 72.) Decided June 5, 1906.

Case by Daniel McDonald against the City Electric Railway Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Phillips & Jenks*, for appellant.

*Lincoln Avery* and *Joseph F. Walsh*, for appellee.

HOOKER, J. The defendant has brought this case to this court by writ of error. The action is for an injury to plaintiff, who was run over by defendant's street car. Upon the trial, the principal question of fact was whether defendant was negligent in starting its car when plaintiff was in the act of stepping from the car to the pavement, or whether he attempted to alight before the car stopped. There was testimony which made this a proper question for the jury. A number of assignments of error are relied upon, most of which are upon rulings which fail to impress us as having been prejudicial to the defendant. Some of them complain of leading questions, which are usually within the discretion of the trial court; one or more to the language used by counsel, which we think was not especially prejudicial; one was a complaint that questions relating to the number and ages of plaintiff's children were persisted in, after the court ruled against such testimony; and one was to testimony offered to account for the failure of a boy to testify at a former trial. We are of the opinion that there was no necessity

for this proof as to the ages of the children, and it should have been omitted.   The court so held, and excluded the testimony; but some of the questions were pressed and answered after the court intimated that he considered them improper.   The testimony showed, however, that all but one were large children or adults, and we think that the case should not be reversed upon this ground, in view of the ruling made.   We think that it was proper to admit the testimony regarding the omission of the boy's testimony at the earlier trial.

A physician who was familiar with the injury was asked, "How much, in your opinion, have those two injuries—that is, the injuries to each foot—reduced this man's physical ability to perform manual labor?" to which he answered, "I think it has been reduced fully three-quarters."   This was objected to upon the ground that it was pure "speculation."   It is now argued that it was for the jury to determine that, and that it was incompetent for an expert to give an opinion.   It would be competent to prove by an expert surgeon that a physical injury would make the use of an injured member an impossibility, and he should be able to tell in cases where an unprofessional man could not determine whether such an injury would impair a man's ability to do physical or mental labor, and in such a case no reason is suggested for not taking his opinion as to the degree of impairment. The case of *Muldraugh's Hill, etc., Turnpike Co.* v. *Maupin*, 79 Ky. 101, is in point.   The court said:

"Dr. Bass' statement that, if he were examining the appellee for a pension, he would allow him one-fourth, we understand to be his professional opinion that his capacity for labor is reduced one-fourth by the rupture.   This, we think, was competent.   The jury cannot be supposed to be familiar with the character of that injury, or to be able, unaided, to properly estimate its effect in impairing the appellee's capacity to earn money, and, hence, it was proper to allow them to be enlightened by expert testimony.   But the witness should not have been permitted to intimate what he regarded as proper compensation

for the injury. That was a question for the jury, and on which expert testimony was not competent, nor should he have been permitted to intimate what the damage would be from apprehension of death from the injury."

See, also, *Pennsylvania R. Co.* v. *Henderson*, 51 Pa. 315. In *Atlanta, etc., Railroad* v. *Johnson*, 66 Ga. 259, testimony that a hand was mashed and injured, describing the injury, and how much his ability to work was impaired, was held admissible. See, also, *Springfield Consolidated R. Co.* v. *Welsch*, 155 Ill. 512. In our own case of *Holman* v. *Railway Co.*, 114 Mich. 214, we held it competent to take the opinion of a physician as to whether a plaintiff's injuries would permit of her doing household duties. In the present case the physician described at length the nature of the injury, and we consider the testimony admissible.

It is contended that it was error to permit the plaintiff to testify that he had no use of his foot. It is admitted that he followed the statement with a full description of its condition, whereby it appeared conclusively that he could use it; but it is said that the testimony first given was the statement of a conclusion by the witness and should have been stricken out. It is proper to permit a witness to state whether he can move an arm or leg, whether he can use a member in the usual way, and this testimony is no more than such a statement. It may have been untrue, but that does not affect its admissibility. It is no more a conclusion of the witness than is permissible in many instances. Not being arrived at by reasoning from known conditions only, as contradistinguished from experimental knowledge, the testimony was competent.

We think it unnecessary to discuss the question relating to the exclusion of the testimony of the witness Johnson, taken upon another trial. It was not a deposition, and we cannot hold broadly that, before a witness can be asked questions as a basis for impeachment, all of his testimony, taken by a stenographer, must be read to him.

But upon recross-examination counsel seem to have read much of such testimony, and obtained answers to the questions asked. It is manifest that defendant suffered no injury from the ruling.

The judgment is affirmed.

McAlvay, Blair, Montgomery, and Ostrander, JJ., concurred.