CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. M. H. HILTIBRAND.

Decided January 5, 1907.

**1.—Practice—Incompetent Testimony.**

The admission of irrelevant or incompetent testimony is harmless error when other testimony to the same effect is admitted without objection.

**2.—Railroad Service—Physical Injuries—Disqualification—Testimony.**

A physician who has been local surgeon for a railroad one-and-a-half years and is familiar with the rules of the company in regard to the physical qualifications of applicants for employment, may testify that certain injuries would disqualify an applicant for employment.

**3.—Charge—Statement of Case.**

A failure on the part of the court to enumerate in its charge all the issues presented by a defendant, is an error of omission which must be corrected by requested instructions.

Appeal from the District Court of Montague County. Tried below before Hon. D. E. Barrett.

*N. H. Lassiter, Robert Harrison* and *Jas. A. Graham,* for appellant.

*Randall & Wood* and *Wilkins, Beaty & Vinson,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an action by appellee against appellant to recover damages for personal injuries. The case was tried before a jury and resulted in a verdict and judgment in appellee's favor for the sum of four thousand dollars.

One of appellee's contentions was that the injuries received by him had resulted in the destruction of his hearing in one ear, and while he was on the stand testifying as witness in his own behalf, counsel for appellant asked him the following questions: "Q. When were you first treated for any ear trouble? A. On December 22. Q. Were you treated for any ear trouble while in the hospital? A. No, the doctor gave me some medicine to relieve my headache. Q. Did the doctor in the hospital tell you what caused your headache?" Counsel for appellee objected to witness's answering the last question because the statement of the doctor would be hearsay, which objection the court sustained and to which ruling appellant assigns error. This ruling presents no reversible error, however, because even if the answer is not subject to the hearsay objection, though we think it is, yet substantially the same fact—that is, that the doctor did tell the witness that his defective

hearing was not caused by the accident, was proved without objection by the doctor himself, who testified as a witness. This fact, then, being established, we would not reverse the case to permit proof of it from another source. Appellant's insistence is that the testimony was admissible as tending to show that appellee's deafness was not caused by the accident.

Dr. W. H. Horine testified by deposition that he considered the loss of two toes to be a serious and permanent injury, and that such injuries rendered appellee physically not acceptable as a locomotive fireman, according to the standard of railroad companies. There was an objection to this testimony by appellant upon the ground that the same was a conclusion of the witness on a matter as to which he was not shown to be competent to testify. We think, however, the record fails to sustain this objection, inasmuch as it was shown that this witness had been in the employ of appellant as a local surgeon for about a year and a half, that he examined appellee when he applied for the position as fireman, and that he then had in his possession the rules of the company in regard to the physical qualifications of applicants for employment. Besides, Dr. Allen, another of appellant's local surgeons, testified that "if an applicant presented himself with two toes off, three others broken, and deaf in one ear (and this is the undisputed condition of appellee), he would be turned down." This testimony is substantially to the same effect, and was admitted without objection.

If the court failed in the opening paragraph of his charge to enumerate all of the defenses of appellant, it was an error of omission only and could not work a reversal of the case in the absence of a request for special charges covering the issues omitted.

The first and third special charges requested by appellant were properly refused because the issues therein presented were not raised by the evidence.

The evidence contained in the record is sufficient to support the implied finding contained in the verdict that appellant's negligence proximately caused appellee's injuries, and that the same were in no manner the result of the negligence of a fellow servant.

All assignments are overruled and the judgment is affirmed.

*Affirmed.*