### W. V. BUTLER v. ARMOUR FERTILIZER WORKS.

(Filed 4 April, 1928.)

1. **Release—Requisites and Validity—Fraud in Procurement—Evidence Thereof.**

   When the defendant relies upon a release signed by the plaintiff to bar his action to recover damages for an alleged negligent injury, it is competent for the plaintiff to testify on the issue of fraud in the procurement that at the time he executed the release he was confined in the hospital, suffering from the injury and without financial means, and that his condition was known to the defendant's agent who thus procured the release by fraud.

2. **Evidence—Competency—Facts in Issue and Relevant to Issues—Evidence Competent on One Issue—Instruction Confining Evidence to One Issue Must be Requested—Rule of Court.**

   The admission of evidence at the trial that is competent on one of the issues involved will not be held for error as not being competent upon the others, unless the objecting party duly requests that it be confined to the issue upon which it is competent. Rule 21.

3. **Evidence—Expert Testimony—Subjects—X-ray Pictures—Percentage of Disability.**

   One who has qualified as an expert osteopath may testify from his examination of his patient and from the X-ray he has taken of the injury

as to the permanent effect it has had on his patient, in an action to recover damages caused by the negligence of the defendant, and his expressing in percentage the proportion of its effect is not a ground for error.

**4. Release—Requisites and Validity—Fraud in Procurement—Evidence Thereof.**

The gross inadequacy of the money paid to obtain a release for damages resulting from an injury is an element to be considered upon the question of fraud·in its procurement, and is sufficient to sustain an affirmative answer to the issue.

**5. Damages—Measure of Damages—Permanent Injury—Negligence.**

An instruction upon the evidence is not erroneous that damages to be awarded for a permanent injury negligently inflicted are the present worth of such amount ,as is a fair compensation for all physical injury, past, present, and prospective and for diminished earning capacity which are direct and necessary consequences of the defendant's negligence, and also a fair compensation for the physical suffering.

**6. Same—Instructions—Verdict—Jury.**

When the trial judge has correctly charged as to the amount of damages recoverable in a personal injury negligence case, it will not be held for error that he had failed to exclude in the defendant's behalf such sums that it had already paid, when the plaintiff had admitted receiving them, and it appears from trial and verdict that the jury had accordingly reduced the amount of their verdict.

APPEAL by defendant from *Devin, J.,* at September Term, 1927, of NEW HANOVER. No error.

Action to recover damages for personal injury, sustained by plaintiff, while engaged in work as an employee of defendant, caused, as alleged in the complaint, by the negligence of defendant. Defendant denies liability; it also pleads in its answer, as a bar to plaintiff's recovery in this action, a release signed by him, while he was in the hospital under treatment for his injury.

The issues submitted to the jury were answered as follows:

1. Was the execution of the release by the plaintiff procured by the fraud of the defendant? Answer: Yes.

2. Was the plaintiff injured by the negligence of defendant as alleged in the complaint? Answer: Yes.

3. Did the plaintiff by his own negligence contribute to his injury, as alleged in the answer? Answer: No.

4. What damages, if any, is plaintiff entitled to recover of defendant? Answer: $5,000.

From judgment on the verdict, defendant appealed to the Supreme Court.

BUTLER *v.* FERTILIZER WORKS.

*L. Clayton Grant, A. G. Ricaud and Bryan & Campbell for plaintiff.*
*W. C. Kirk and John D. Bellamy & Sons for defendant.*

CONNOR, J. This action was first heard in this Court upon defendant's appeal from an order of the judge of the Superior Court of New Hanover County, denying defendant's motion for the removal of the action from said court to the District Court of the United States for the Eastern District of North Carolina, for trial. The order was affirmed. 192 N. C., 510.

The action was next heard in this Court upon plaintiff's appeal from the judgment at a trial in the Superior Court of New Hanover County, dismissing the action upon defendant's motion, at the close of plaintiff's evidence, for nonsuit. C. S., 567. The judgment was reversed. 193 N. C., 632.

The action has since been tried upon the issues raised by the pleadings. From the judgment upon an adverse verdict, defendant has appealed to this Court, assigning errors in decisions made by the court below upon matters of law or legal inference. This Court is asked to review these decisions, and to sustain assignments of error made by defendant as appellant.

The evidence offered by the plaintiff at the last trial is substantially the same as that offered by him at the former trial. Upon plaintiff's appeal from the judgment dismissing the action at the former trial, we held that the evidence offered by him at said trial tended to establish the allegations of the complaint, with respect to the cause and extent of his injuries; we also held that said evidence does not show, or tend to show, that plaintiff contributed by his own negligence to his injuries, and that he is thereby barred of recovery in this action, if the jury should find from the evidence that he was injured by the negligence of defendant, as alleged in the complaint; we further held that the evidence offered by the plaintiff to show matters in avoidance of the release, relied upon by defendant as a discharge of its liability to plaintiff in this action, should have been submitted to the jury. Defendant's assignment of error upon this appeal, based upon its exception to the refusal of the court to allow its motion for nonsuit, first made at the close of plaintiff's evidence, and then renewed at the close of all the evidence, cannot be sustained. The principles of law applicable to the facts which plaintiff's evidence tends to show, are discussed, with citations of authorities in the opinion upon the former appeal, 193 N. C., 632. No other principles are presented by the assignment of error upon this appeal. We find no error in the refusal of defendant's motion for judgment as of nonsuit. The evidence was properly submitted to the jury upon the trial of the issues raised by the pleadings.

Defendant assigns as error the admission of the testimony of plaintiff on his direct examination as a witness in his own behalf to the effect that at the time he was injured he was without funds with which to provide for the support of his wife and himself. This testimony was offered as evidence upon the first issue, which involved the validity of the release, signed by plaintiff, while he was in the hospital. Plaintiff contended that the execution of this release by him was procured by the fraud of defendant's superintendent, acting in its behalf. It was competent for him to show his condition, financial and otherwise, known to the superintendent at the time he signed the release. "Whenever a person is in peculiar necessity and distress, so that he would be likely to make any undue sacrifice, and advantage is taken of such condition to obtain from him a conveyance or contract which is unfair, made upon an inadequate consideration or the like, even though there be no actual duress or threats, equity may relieve defensively or affirmatively." 2 Pom. Eq. Jur., sec. 984. Cited and approved in *King v. R. R.,* 157 N. C., 44. There was no error in overruling defendant's objections to the admission of this testimony as evidence. It was competent upon the first issue. It was, of course, not competent upon either of the other issues, involving defendant's liability to plaintiff or the amount which plaintiff is entitled to recover in this action as damages. Defendant did not ask, at the time of its admission, that the evidence be restricted to the first issue. The fact that it was competent upon this issue, but not competent upon the other issues, is not sufficient ground for defendant's exception upon the record. Rule 21, Rules of Practice in the Supreme Court, 192 N. C., 849.

Defendant further assigns as error the admission of the testimony of Dr. M. J. Carson, an expert osteopath, that in his opinion, formed after a personal examination of plaintiff's leg, and after his study of an X-ray picture of plaintiff's right hip, made by the witness, plaintiff had suffered an impairment of his leg, by reason of the injury, of from twenty to thirty per cent. The court had found that this witness is an expert osteopath. There are no exceptions to this finding. The witness had first testified that he had an opinion satisfactory to himself as to the extent of plaintiff's injury. The testimony was competent as evidence to be considered by the jury as to the extent of such injury. *Ferebee v. R. R.,* 167 N. C., 290. It was not incompetent because witness' opinion was founded partly upon an X-ray picture. *Lupton v. Express Co.,* 169 N. C., 671. Nor was its competency affected by the fact that the witness expressed his opinion as to the extent of the injury, in terms of percentage. *Ridge v. R. R.,* 167 N. C., 510. In the last cited case, it is held that it was competent for the doctors to state what effect, if any, in their opinion, the broken vertebra would have upon their patient's physical and mental condition.

With respect to the first issue, the court instructed the jury as follows:

"If the jury should find from the evidence, and by its greater weight, that the plaintiff was injured through the negligence of the defendant, as alleged in the complaint, and that he was further seriously and permanently injured, which injuries caused him to suffer considerable or great excruciating pain, and which injuries were serious and permanent in their nature, and that the plaintiff's earning capacity was seriously or partially impaired, and should further find that a reasonable compensation for the plaintiff's suffering, injuries, and impairment of his earning capacity was worth a sum considerably in excess of the amount which the defendant paid to the plaintiff for said release, and that the amount or sum of money so paid by the defendant to the plaintiff was so grossly inadequate to what would be reasonable compensation to the plaintiff for his injuries, and suffering, as would cause a reasonable, fair-minded person to say that the sum so paid plaintiff was so small in comparison to the amount the plaintiff was actually entitled to receive, that it amounted to practically nothing, then the jury should consider such fact in determining whether the release was obtained by fraud, and if they should reach such conclusion from such fact alone, then the jury should answer the first issue, 'Yes.'"

Defendant excepted to this instruction. It contends that the instruction is erroneous, for that the jury were instructed that mere inadequacy of consideration for the release was sufficient to justify a finding by the jury that the execution of the release was procured by fraud. We do not so construe the instruction. The jury was instructed that if they should find that the consideration for the release was grossly inadequate, then such fact alone rendered the release voidable on the ground of fraud, and that they should answer the first issue in the affirmative. Mere inadequacy of consideration, while a circumstance properly to be considered by the jury, together with other relevant circumstances, upon an issue involving an allegation of the fraudulent procurement of a contract, is not sufficient to sustain an affirmative answer to the issue. When, however, the consideration is found by the jury to be not only inadequate, but grossly so, this fact alone is sufficient evidence to sustain the allegation of fraud. The instruction given to the jury upon the trial of this case, is in accord with the rule as stated by *Allen, J.,* in *Knight v. Bridge Co.,* 172 N. C., 393. After a review of the authorities cited in his opinion, *Justice Allen* says:

"The rule amounts to this: The owner of tangible property, or of a claim for damages may give it away or may sell it for less than its value, and the contract is valid in the absence of fraud, undue influence, or oppression; but if the contract is attacked as fraudulent, the inadequacy

of consideration is evidence of fraud, and, if gross, is alone sufficient to carry the case to the jury on the issue of fraud."

With respect to the fourth issue, the court instructed the jury as follows:

"If you come to that issue, gentlemen, the plaintiff would be entitled, if you answer this issue, to such amount as you find from the evidence would be a fair, just and reasonable compensation to him for all physical injury, past, present and prospective, which was a direct and necessary consequence of the defendant's negligence, if by your answers to the other issues you have found that defendant was negligent in causing this injury. That would include compensation for physical pain and suffering endured, for any loss of time or expense caused him by reason thereof, and if you find from the evidence and by its greater weight that the plaintiff's thigh bone or hip bone was broken, and by reason thereof a permanent injury was inflicted upon the plaintiff whereby he was caused to limp and suffer discomfort and humiliation in getting about with a stick, and that it is necessary to do so to assist him in walking, and if you find by reason of such injury his ability to earn a living—his earning capacity—has been permanently impaired and diminished, then you would ascertain from the testimony what you find to be the extent of that impairment and the amount you find to be the present value of such diminished earnings during such period as you find it will continue to exist. The plaintiff would be entitled to have you answer the issue in dollars, or in money, such sum as you find would be a reasonable compensation to him—a full, fair, just compensation, no more, no less—and in passing upon it you will not be influenced by any consideration except the testimony as you find it to be."

Plaintiff, testifying as a witness in his own behalf admitted that defendant had paid him $300, while he was in the hospital, under treatment for his injury. He testified that this sum was paid him as compensation for his lost time, as estimated by defendant at the time it was paid. He also testified that defendant paid, on account of his hospital expenses and medical bill, the sum of $278. Defendant contends that the answer of the jury to the fourth issue should have been set aside by the court, because it does not affirmatively appear that the jury deducted these sums from the amount of damages which they found plaintiff was entitled to recover of defendant, or that in any event these sums should be deducted from the amount found by the jury as plaintiff's damage, resulting from his injury. Neither of these contentions can be sustained. In view of the testimony of the plaintiff with respect to these items, it must be assumed that the jury did not include in the amount of damages which they found plaintiff was entitled to recover of defendant, either compensation for lost time, covered by the payment of $300, or com-

pensation for the hospital expenses and medical bill paid by defendant, and not by plaintiff. Plaintiff contended that he was entitled to recover as damages a sum much larger than $5,000. It does not appear that the jury included in their award of damages, sums for which defendant was liable, but which it had already paid.

There was conflict in the evidence as to defendant's liability to plaintiff in this action. This evidence was submitted to the jury, who alone may find the facts upon which liability, under the law, is to be determined. This Court may review only decisions upon matters of law and legal inference made by the presiding judge, and properly presented for such review by appeal. Upon such review we find

No error.