## KING v. STAMFORD MUTUAL LIFE INS. ASS'N et al.    (No. 448.)

Court of Civil Appeals of Texas. Eastland.
May 18, 1928.

Rehearing Denied July 13, 1928.

1. **Evidence** ⊙⟹528(2)—Physician having requisite education and experience to determine extent of injuries on examination could give expert opinion as to their permanency.

Practicing physician, having education and experience sufficient to enable him to determine extent of injuries on examination, could give expert opinion as to whether injuries were permanent.

2. **Insurance** ⊙⟹665(5), 668(11)—Question whether insured, suing for accidental injuries, suffered permanent disability, was for jury, and finding in defendant's favor was not against evidence.

In suit to recover on mutual benefit certificate for accidental injuries, question whether injuries resulted in total and permanent disability was for jury, and jury's finding that plaintiff was not totally and permanently disabled was not against weight of evidence.

3. **Trial** ⊙⟹255(13)—If timely objection is made to failure of court to define terms, request for definition is not required.

No request for a definition is necessary if timely objection has been made to failure or refusal of court to define terms.

4. **Appeal and error** ⊙⟹216(1), 263(3)—Court's failure to define terms was not presented for review, where no exception was taken to special issue submitted and no request for definition made.

Where no exception was taken to special issue submitted for failure to accompany it with instruction defining terms, and where no request was made for definition, court's failure to define terms was not presented for review on appeal.

Appeal from District Court, Jones County; W. R. Chapman, Judge.

Suit by S. J. King against the Stamford Mutual Life Insurance Association and others. Judgment for defendants, and plaintiff appeals. Affirmed.

A. J. Smith, of Anson, for appellant.

Davenport & Hardwick, of Stamford, for appellees.

FUNDERBURK, J. S. J. King sued Stamford Mutual Life Insurance Association and certain individuals as officers and directors of the association to recover upon a mutual

benefit certificate for accidental injuries. Under the contract, defendant was only liable for total and permanent disability caused by accident or disease before the certificate holder had reached the age of 65 years.

The jury, upon the question being submitted to them, found that plaintiff was not totally and permanently disabled, and judgment was accordingly rendered for the defendant, from which plaintiff prosecutes this appeal.

[1, 2] For reversal of the judgment of the trial court, plaintiff asserts only two propositions, as follows:

"First. It is the duty of the trial court to set aside the verdict of a jury where, in the opinion of such court, the verdict is without reasonable support in the evidence, and the failure of a trial court to exercise such discretion and set aside the verdict of a jury when the evidence is so overwhelming against the verdict of the jury constitutes error on the part of the trial court.

"Second. In submitting a case to the jury upon special issues it is the duty of the trial court to give to the jury such explanations and definition of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

It is doubtful if appellant's first proposition asserts either of the two reasons that would authorize us to reverse a judgment for the want of sufficient evidence to support it. One such reason is that there is no evidence, and the other that the verdict is so contrary to the great weight and overwhelming preponderance of the evidence as to be manifestly wrong. The proposition stated, if intended to do so, certainly does not clearly assert either ground. It rather assumes that the "verdict is without reasonable support in the evidence," and asserts error in the refusal of the court to set aside a verdict "when the evidence is so overwhelming against the verdict of the jury." We will, however, treat the proposition as asserting error on the ground that the verdict is so contrary to the great weight and overwhelming preponderance of the evidence as to be manifestly wrong. There is certainly no room for a contention that there was no evidence whatever to support the verdict. We do not understand that it is contended that this is the case. Then we have only to inquire: Is there so great a preponderance and overwhelming weight of the evidence against the verdict as to show that it is manifestly wrong? Dr. Bunkley was shown to be a practicing physician of the requisite education and experience to enable him to make an examination that, barring mistakes, of course, would determine the extent of plaintiff's injuries. For aught that appears, he was disinterested. His opinion was admissible as evidence. According to his tes-

timony, he made a thorough examination of plaintiff, the results of which were negative as showing permanent injuries. He gave it, as his opinion, that plaintiff had suffered no permanent disability from his injury. We think it was for the jury to decide, and we are not authorized to disturb their verdict.

[3, 4] As to the second point, appellant admits in his brief that there was no request made for a definition of the words "totally and permanently disabled." No request was necessary if timely objection had been made to the failure or refusal of the court to define the terms. Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570. But the record wholly fails to disclose that any exception was taken to the special issue submitted on the ground that it was not accompanied by an instruction defining the terms in question. In the absence of such objection, the matter could only be presented for our review in the way it is expressly admitted was not done. K. C., M. & O. Ry. Co. v. Oates (Tex. Civ. App.) 185 S. W. 1014.

The judgment of the trial court must therefore be affirmed.