### WALTER F. MAHAFFEY v. FORSYTH FURNITURE LINES, INC.

(Filed 7 November, 1928.)

APPEAL by defendant from *MacRae, Special Judge,* at May Term, 1928, of FORSYTH. Affirmed.

*Briefly:* The plaintiff contended that defendant's foreman ordered him to get out some chair-arm samples, and they were in a hurry for them. The shaper machine on which he was to do the work had a flat, smooth bed made of iron. The knives came up through the bed, or table, 10 to 12 inches. The drive shaft and knives are driven by an electric motor. The revolutions of the machine are about 4,500 per minute. There is no guard on the machine and the knives are open and exposed. That guards on the shaper machine in question are approved and in general use in plants and places of like kind and character. Guards are made and sold by the same manufacturer of the shaper machines. That about a month before the injury complained of, the foreman's attention was called to the matter. Plaintiff testified: "I asked him if he didn't think we ought to have guards on the machines—shapers. He said 'Yes, we need them on there.' He said 'We will see what we can do about it.'" To operate the machine you push the material against the knives. That the gum wood he was using in making the chair-arm samples was warped a little bit and in shaping the arms it kicked back and threw his hand into the knife, cutting his fingers off.

The defendant contended that plaintiff was an experienced workman. That the work was entrusted to him to do in accordance with his knowledge, skill, experience and judgment. He was head shaperman. As head shaper his duties were to set up machines and see that proper set-up was made. That it was incumbent upon him to make the usual and customary form, well known to him, that was the safe and proper way to do the work. The form is used and answers as a guard. That he negligently and carelessly entered upon the work without making and using the form, and this was the proximate cause of the injury, and defendant sets up the plea of contributory negligence in bar of recovery.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. If so, did the plaintiff contribute to his own injury, as alleged in the answer? Answer: No.

"3. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: $4,000."

*Archie Elledge for plaintiff.*
*Manly, Hendren & Womble for defendant.*

PER CURIAM. This is a civil action for actionable negligence, tried before the judge and a jury, in the Forsyth County Court. All the issues were found in favor of the plaintiff. Defendant assigned numerous errors and appealed to the Superior Court. The court below was of the opinion that they were "without merit, and that there was no error committed in the admission or the exclusion of testimony, or in the charge of the court as set forth in said assignments, and all of said exceptions are therefore overruled." In this we think there was no error.

From the judgment of the Superior Court the defendant appealed to this Court, assigning the same errors.

It will be noted that the jury accepted plaintiff's version of the matter. From a careful perusal of the record, we can find no prejudicial or reversible error. The judge of the Forsyth County Court tried the case with care. The contentions on both sides were clearly and fairly given. The law applicable to the facts on every phase of the case was expounded to the jury. The principles involved in this case are well settled in this jurisdiction. See *Boswell v. Hosiery Mills,* 191 N. C., p. 549; *Maulden v. Chair Co., ante,* 122; *Street v. Coal Co., ante,* 178. The judgment below is

Affirmed.