**STANDARD OIL CO. OF NEW JERSEY v. SEWELL.**

Circuit Court of Appeals, Fourth Circuit.
January 14, 1930.

No. 2915.

Walter L. Clark, of Baltimore, Md. (Roszel C. Thomsen and Clater W. Smith, both of Baltimore, Md., on the brief), for appellant.

A. W. W. Woodcock, of Baltimore, Md., and V. Calvin Trice, of Cambridge, Md. (Woodcock & Webb, of Salisbury, Md., on the brief), for appellee.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge. This is an appeal from the judgment of the District Court of the United States for the District of Maryland, in the amount of $27,000, based upon the verdict of a jury, in favor of appellee, Clarence D. Sewell, who was plaintiff below, against Standard Oil Company of New Jersey, appellant, who was defendant below. The action was brought by plaintiff, in August, 1927, for personal injuries, alleged to have resulted from a collision of a truck of the defendant and a Ford car driven by the plaintiff, and alleged to have been caused by the negligence of the driver of the truck.

The accident happened in the late afternoon, at a crossing of two dirt roads in Talbot county, Maryland. Sewell was driving a Ford car in approximately a southwesterly direction. The truck was traveling in a northwesterly direction on a road that intersected the road the plaintiff was traveling. The plaintiff, under the law of Maryland, had the right of way. The driver of the truck did not testify at the trial. The plaintiff testified that the car he was using was in first-class order; that he was going about 12 or 15 miles an hour when he reached the cross road, and that he looked as best he could in both directions, at the crossroad, and also blew his horn. The plaintiff was severely injured, and the jury brought in a verdict in his favor for the said sum of $27,000.

█ First, second, and third assignments of error relate to the admission of certain testimony offered by the plaintiff. The testimony objected to was that of certain doctors, who were introduced as expert witnesses, and who were allowed to testify as to the percentage of plaintiff's injury. One of the doctors, after testifying as to the nature of the injuries, stated that in his opinion plaintiff would have a total permanent disability of 50 per cent. A number of other physicians were introduced as expert witnesses as to the extent of the injuries.

There was no reversible error in the admission of this evidence. 3 Jones on Evidence, p. 2459, states the rule to be:

"Such a witness, properly qualified, may testify as to the cause, symptoms, nature and peculiarities of a disease, and whether it would be likely to cause death; regarding the probabilities of recovery from the effects of an injury or as to probable further consequences of an injury, provided the consequences anticipated are such as in the ordi-

nary course of events may reasonably be expected to happen, and are not merely speculative or possible."

The following cases deal with the varied phases of this question: Butler v. Armour Fertilizer Works, 195 N. C. 409, 142 S. E. 483 (1928); Isaac Benesch & Sons v. Ferkler, 153 Md. 680, 139 A. 557 (1927); Morris v. B. & O. R. R. (W. Va.) 147 S. E. 759; Palmer v. Warren Railway Co., 206 Pa. 574, 56 A. 49, 63 L. R. A. 507; Ingebretsen v. Railway, 176 Iowa, 74, 155 N. W. 327; Springfield v. Welsch, 155 Ill. 511, 40 N. E. 1034; Fournier v. Zinn, 257 Mass. 575, 154 N. E. 268; King v. Stamford Insurance Co. (Tex. Civ. App.) 8 S.W.(2d) 560; Jones v. Sechtem, 131 Okl. 155, 268 P. 201; Louisville Ry. v. Lucas, 119 Ind. 583, 21 N. E. 968, 6 L. R. A. 193; Alberti v. New York R. R., 118 N. Y. 77, 23 N. E. 35, 6 L. R. A. 765; Denver R. R. v. Roller (C. C. A.) 100 F. 738, 49 L. R. A. 77; McClain v. Railroad, 116 N. Y. 459, 22 N. E. 1062; Cross v. Syracuse, 200 N. Y. 393, 94 N. E. 184, 21 Ann. Cas. 324; Chicago Ry. v. Conway (C. C. A.) 29 F.(2d) 551; Peterson v. St. Paul Railroad, 38 Minn. 511, 39 N. W. 485; Sundquist v. Railroad, 197 Wis. 83, 221 N. W. 392; and Barron v. Duke, 120 Or. 181, 250 P. 628.

The other point raised by the appellant in the fourth and fifth assignments of error is based upon a refusal of the trial court to instruct the jury that under the evidence in the case the plaintiff was as a matter of law guilty of contributory negligence. We think the action of the trial court in this respect was proper. The question of due care and contributory negligence is generally left to the jury. Flannelly v. Delaware & Hudson Co., 225 U. S. 597, 32 S. Ct. 783, 56 L. Ed. 1221, 44 L. R. A. (N. S.) 154. See, also, B. & O. R. R. Co. v. Goodman, 275 U. S. 67, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645.

It is admitted by attorneys for appellant that the principles of law applicable to this phase of the case were clearly stated in the trial court's charge to the jury, and in the defendant's prayers granted by the court. The charge of the learned trial judge in the court below was fair, and in our opinion clearly stated the law applicable to the case. It is admitted that negligence on the part of driver of the defendant's truck was proven, and this driver was not placed on the stand.

There was no reversible error in the trial of the case, and the judgment of the court below is accordingly affirmed.