This is an action for actionable negligence brought by plaintiff against defendant alleging damage. The defendant denied negligence, set up the plea of contributory negligence and a release. Plaintiff contended the release was procured by fraud.
The issues submitted to the jury and their answers thereto, were as follows:
"1. Was said paper-writing, purporting to be a release, dated 25 September, 1926, procured by misrepresentation and fraud, as alleged in the complaint? Answer: Yes.
2. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.
3. Did the plaintiff, by his own negligence, contribute to his said injury, as alleged in the answer? Answer: No.
4. What amount of damages, if any, is the plaintiff entitled to recover? Answer: $900 in addition to what plaintiff has already received."
At the close of plaintiff's evidence and at the close of all the evidence defendant made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions, and in this we can see no error. *Page 808 
We think the evidence sufficient to be submitted to the jury on the questions of negligence and contributory negligence. Boswell v. HosieryMills, 191 N.C. 549; Mahaffey v. Furniture Lines, 196 N.C. 810.
As to the evidence of fraud in procuring the release, we think it also sufficient to be submitted to the jury. Butler v. Fertilizer Works,195 N.C. 409. In law we find
No error.