327 P.2d 797

**Cecil T. SEAL, Plaintiff-Appellee,**

v.

**BLACKBURN TANK TRUCK SERVICE and**
Houston Fire & Casualty Insurance Company, Defendants-Appellants.

No. 6355

Supreme Court of New Mexico.

July 16, 1958.

Neal & Neal, Hobbs, for appellants.

. Easley, Quinn & Stout, Hobbs, for appellee.

SHILLINGLAW, Justice.

This is an appeal arising from a workmen's compensation case tried in the District Court in Lea County, New Mexico. The claimant, appellee, was a man of 45 years of age who had engaged in oil field work throughout his adult life. On or about March 7, 1957, while in the employ of defendant-appellant Blackburn Tank Truck Service in the capacity of truck driver, the claimant was emerging from the cab of his vehicle when his foot slipped causing him to fall and in so doing to strike his back across the running board just below the shoulder blades.

The complaint alleged total and permanent disability and prayed for reasonable attorney's fees. The answer admitted a slight accident but denied that it was a compensable injury. Trial was had to a jury which found the claimant to be totally disabled from and after May 2, 1957. Judgment was for compensation at the rate of $30 per week not to exceed 542 weeks and until the further order of the court. Judgment was rendered also for attorney's fees in the amount of $2,500.

Appeal was taken by the defendant employer and his insurer, Houston Fire & Casualty Insurance Company, and four points were relied upon for reversal. First, the judge who has permitted a medical witness to express an opinion based on subjective symptoms should give a cautionary instruction to the effect that such an opinion should be disregarded unless the truth of the subjective symptoms is established by a preponderance of the evidence. Second, a medical expert should be permitted to express his opinion as to the extent the physical functions of a patient's body have been affected by reason of accidental injury. Third, a medical expert should not be permitted to testify as to what type of work can or cannot be performed by a patient without qualification as to his knowledge of the work involved. Fourth and finally, the allowance of an excessive attorney fee to claimant's attorney in a workmen's compensation action constitutes an abuse of discretion upon the part of the trial court.

In support of the first point urged on appeal, counsel argues that the trial court erred in refusing to give defendants' instruction number 7 as follows:

"In connection with the testimony of the expert witnesses the Court has permitted them to express an opinion as to the present disability of the plaintiff. The opinion of a physician as to the nature and extent of disability may be derived from a physical examination which reveals actual physical defects that form the basis of the disability, and are discernable to the physician apart from any statements made to him by the patient. Such symptoms are called objective symptoms. It is frequently true that in addition to objective symptoms, an examining physician may, in forming an opinion, rely upon such statements made to him by the patient with reference to the accident and to the pain, suffering, and feelings of the patient since the date of the accident. These statements of the patient are known as subjective symptoms. The Court has permitted the physician to relate to you the statements of subjective symptoms made to him by the patient at the time of the examination. Such statements standing alone are not admissible, they are hearsay, are not made under oath, and are made at a time when there could exist both motive and opportunity to magnify or feign the nature and extent of such symptoms. By reason of this fact, if the opinion of the physician is based in whole or in part upon such subjective symptoms and is not based entirely upon objective symptoms, then you must disregard that opinion unless the truth of the subjective symptoms has been established to your satisfaction

by a preponderance of the other evidence in the case."

In view of the defendants' argument we deem it wise to again refer to the California and Washington cases cited by Mr. Justice Kiker in Waldroop v. Driver-Miller Plumbing & Heating Corp., 61 N.M. 412, 301 P.2d 521. The California court said in Groat v. Walkup Drayage & Warehouse Co., 14 Cal.App.2d 350, 58 P.2d 200, 203:

"Declarations and statements, made to an examining expert by an injured party, of previous condition and past suffering, when declared by the expert to be necessary to enable him to form an opinion as to the nature and extent of disease or injury, and when such statements constitute in part the basis upon which the opinion of the expert is based, are admissible, *not for the purpose of establishing the truth of the statements, but to serve as a basis for the medical opinion the expert is about to give.*" (Emphasis supplied.)

The Washington court said in Kraettli v. North Coast Transp. Co., 166 Wash. 186, 6 P.2d 609, 611, 80 A.L.R. 1520:

"It is obvious that no intelligent examination could have been made, nor any intelligent opinion expressed, without taking into consideration both the subjective and objective symptoms."

This court then declared its holding to be:

"In every diagnosis of a physician, the opinion expressed by him is necessarily founded upon both objective and subjective symptoms. In order to express an intelligent opinion, he must know as much as he can ascertain of the physical history of the patient, whether the purpose of his examination is to treat the patient or *to express an opinion in court as to* his condition and its causes. If in stating an opinion it is clearly expressed as based upon statements made by the individual and that which he ascertained by examination of that person's body, we fail to see how any harm can be done by the fact that the examination was not made for the purposes of treatment. *The jury should be instructed as to the effect of this testimony.*" (Emphasis supplied.)

The cautionary instruction suggested by Mr. Justice Kiker should be concerned with an explanation of the purpose of the subjective symptoms received by the medical witness from the injured party. These subjective symptoms were heard by the medical expert, " * * * not for the purpose of establishing the truth of the statements, but to serve as a basis for the med-

ical opinion the expert is about to give."
[61 N.M. 412, 301 P.2d 524.]

◼ Now, referring to the defendants' tendered instruction number 7 and particularly to the emphasized portion set forth in the answer brief as follows:

"* * * if the opinion * * * is based * * * *in part* upon such subjective symptoms * * * you must disregard that opinion, unless the *truth* of the subjective symptoms has been *established* * * * by other evidence."

It is apparent that this instruction places undue restrictions on the expert's testimony. Therefore considering the instruction as a whole in the light of the above, it is clear that it is not a proper cautionary instruction and, consequently, we hold that it was not error for the lower court to refuse the same. Hanks v. Walker, 60 N.M. 166, 288 P.2d 699.

Defendants argue in their second point that "a medical expert should be permitted to express his opinion as to the extent the physical functions of a patient's body have been affected by reason of accidental injury." In view of the apparent non-uniformity of practice in the judicial districts concerning this question under our Workmen's Compensation Act we deem it advisable to establish a uniform rule to be followed throughout the state.

◼ We therefore hold that an examining physician or an attending physician, when testifying as a medical expert, may express his opinion in *percentages as to the impairment of the physical functions* of the claimant, Butler v. Armour Fertilizer Works, 195 N.C. 409, 142 S.E. 483; Standard Oil Co. of New Jersey v. Sewell, 4 Cir., 37 F.2d 230; McDonald v. City Electric R. Co., 144 Mich. 379, 108 N.W. 85; Zurich General Accident & Liability Ins. Co. v. Kerr, Tex. Civ.App., 54 S.W.2d 349; see also 3 Jones on Evidence (2d Ed. 1926) 2457; and further that an examining physician or an attending physician when testifying as a medical expert, after taking into consideration the claimant's age, education, training, general physical and mental capacity, and ability to obtain and retain gainful employment, may express his opinion as to the *percentage of disability* of the claimant, Hartford Accident & Indemnity Co. v. Harris, Tex.Civ.App., 138 S.W.2d 277; Wissink v. Department of Labor and Industries, 40 Wash.2d 672, 245 P.2d 1006; Sakamoto v. Kemmerer Coal Co., 36 Wyo. 325, 255 P. 356. In either instance the purpose of the testimony is to assist the jury in arriving at a correct determination of the extent of the claimant's disability, and in either instance it may be disregarded by the jury in whole or in part if there is other competent evidence to support their award. Dickey v. Springs Cot-

ton Mills, 209 S.C. 204, 39 S.E.2d 501; Oilmen's Reciprocal Ass'n v. Harris, Tex. Civ.App., 293 S.W. 580; see also, 71 C.J. Workmen's Compensation Acts § 948, p. 1132, and notes thereunder. In the instant case, however, it was harmless error for the court to refuse to permit such testimony by the defendant's medical expert.

■ The witness, Dr. Breck, was permitted to state that in his opinion the claimant was only slightly disabled, the court refusing to allow the witness to testify as to the percentage of disability. Throughout his testimony, Dr. Breck disavowed any appreciable disability to the claimant, whereas the jury found the claimant to be totally disabled. In a tender of proof, defendants said that the witness, if allowed to answer in percentages, would have stated that the claimant was disabled in the amount of 5%. Viewing the doctor's testimony as a whole, his being allowed to express an opinion of 5% disability would only have been cumulative of his other testimony and the refusal of the trial court to so allow was harmless error. Romero v. Desmarais, 5 N.M. 142, 20 P. 787; Palatine Insurance Co. v. Santa Fe Mercantile Co., 13 N.M. 241, 82 P. 363; State v. Roybal, 33 N.M. 540, 273 P. 919; Bezemek v. Balduini, 28 N.M. 124, 207 P. 330.

Defendants' third point is that "a medical expert should not be permitted to testify as to what type of work can or cannot be performed by a patient without qualification as to his knowledge of the work involved." This point arises from the following testimony of the claimant's medical expert, Dr. Clark:

"By Mr. Easley: Q. Would you state what your opinion is with regard to the ability of this man to do the truck driving work, going over oil field roads, lifting weights up to one hundred pounds and that type of activity? What is your opinion with regard to his ability to hold such a job at the time or to do that type of work at the time you examined him?

"Mr. Neal: To which we object on the basis that there is no showing here that the doctor is qualified to testify as to truck driving in oil fields.

"The Court: Well I don't think this doctor has spent all of his life in his office. You will understand, Doctor, that there has been testimony here that a truck driver may have to change a tire that weighs up to a hundred pounds, and have to lift them off their rack and lift the other back onto the rack. You may answer the question.

"The Witness: Well, I'll answer it in this way. It was my opinion and I thought—and I believe I so stated there, prolonged riding in any type of

vehicle would probably exaggerate his symptoms and so his history indicated. But secondly I would state that, if I had this history on an individual that I was hired to examine as a pre-employment, I would not hire him for any one of the companies for whom I examine with this disability present for a truck driver, for a panel truck driver or even sweeping out the store."

It is defendants' contention that the doctor was not qualified as to knowledge or experience of the work involved in driving a truck in an oil field. No objection was raised to the latter part of the witness' answer " * * * or even sweeping out the store" as being beyond the scope of the question asked or as invading the province of the jury.

■ The learned counsel for defendants has not favored us with a single authority in support of his argument under this point. The claimant answers the point citing from Spring Co. v. Edgar, 99 U.S. 645, 25 L.Ed. 487, a portion of which was incorporated by this court in Lynch v. Grayson, 5 N.M. 487, 25 P. 992, affirmed 163 U.S. 468, 16 S.Ct. 1064, 41 L.Ed. 230, as follows:

"Whether a witness is shown to be qualified or not as an expert is a preliminary question to be determined, in the first place, by the court; and

the rule is that, if the court admits the testimony, then it is for the jury to decide whether any, and, if any, what, weight is to be given to the testimony. Cases arise where it is very much a matter of discretion with the court whether to receive or exclude the evidence; but the appellate court will not reverse in such a case, unless the ruling is manifestly erroneous."

See also Reid v. Brown, 56 N.M. 65, 240 P.2d 213. The ruling of the lower court in admitting the doctor's testimony is not manifestly erroneous.

The lower court ordered that the claimant recover attorney's fees from the defendants in the amount of $2,500. Under their fourth point, defendants argue that this fee is excessive.

We have given considerable attention to this point, recognizing its importance to the employer and the employee as well as to the members of the Bar of this state, in this and in future cases arising under our Workmen's Compensation Law. We have considered our opinions in other cases before this court involving attorney's fees. Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572; Garcia v. J. C. Penney Co., 52 N.M. 410, 200 P.2d 372; Wright v. Schultz, 55 N.M. 261, 231 P.2d 937; Hathaway v. New Mexico State Police, 57 N.M. 747, 263 P.2d 690.

■ The amount of the recovery is one of the factors to be considered in determining the amount of the fee to be allowed to the attorney for the claimant. In view of § 59–10–25, N.M.S.A.1953, making all judgments for disability subject to periodic review, and considering that the claimant's medical expert was of the opinion that the disability would only continue for several months, we hardly feel that we can consider this a judgment for $16,260. On the other hand we do not wish to conclude the recovery amounted to compensation for only 12, 18, or 24 months. It follows that each case of this kind must be considered on its own particular set of facts.

The complaint in this case alleges an accidental injury and total disability. The answer admits the accident but denies the disability. Judgment was for $30 per week not to exceed 542 weeks or until further order of the court.

The trial of the case consumed less than one day. The transcript contained 135 pages of which 103 consisted of the bill of exceptions. Claimant testified and called three other witnesses. The defendants called one defense witness.

■ We do not question the experience or ability of claimant's counsel but, on the contrary, admit his capability which was aptly demonstrated in the trial of this case. Nevertheless we feel a fee of $2,-500 was excessive and we reduce the same to $1,750. We will allow claimant an additional attorney fee of $750 for defending the appeal in this court.

The judgment will be affirmed, except as to attorney's fees which will be as above set out in a new judgment to be entered.

It is so ordered.

LUJAN, C. J., and SADLER and COMPTON, JJ., concur.

McGHEE, J., dissenting in part.

McGHEE, Justice (dissenting in part).

I concur in what Justice SHILLINGLAW has said in his opinion except that part holding it was, under the facts of this case, harmless error when the trial court refused to allow the medical witness to testify as to percentage of disability. I believe the judgment should be reversed for failure to allow such testimony.